IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH TEEL, | : |
|                   Petitioner, | : |
| v. | :   Civil Action No. 14-273-RGA |
| DAVID PIERCE, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
|                   Respondents. | : |

## **MEMORANDUM OPINION**

Kenneth Teel. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

January 30, 2015

*[signature]*
ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Kenneth Teel ("Petitioner") has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed an Answer in opposition. (D.I. 13) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I.  BACKGROUND

In June and July, 2006, Petitioner was living with Dawn Campbell and her then eight-year-old granddaughter, A.H, at their home in Todd Estates, Newark, Delaware. (D.I. 13 at 1) One night, 46 year old Petitioner entered A.H.'s bedroom, spread her legs, pulled down her clothing, and performed cunnilingus. Petitioner then asked A.H. if he could lick her nipples. A.H. reported the sexual contact to her grandmother on July 8, 2006. Petitioner provided a video-taped statement to the police, during which he confessed to the police. *Id.* He was arrested on November 21, 2006. *Id.*

On January 22, 2007, Petitioner was indicted and charged with first degree rape (Del. C. Ann. tit. 11, § 773) and sexual solicitation of a child under the age of sixteen (Del. C. Ann. tit. 11, § 1112). (D.I. 13 at 1; D.I. 15, Del. Super. Ct. Crim. Dkt. Entry No. 3) Petitioner pled guilty to both counts on October 30, 2007. (D.I. 15, Del. Super. Ct. Crim. Dkt. Entry No. 21) On January 30, 2008, at the beginning of the scheduled sentencing hearing, Petitioner orally moved to withdraw his guilty plea. (D.I. 15, Jan. 30, 2008 Sentencing Hearing Transcript in *State v. Teel*, ID No. 0608016078, at 2-5) The Superior Court denied the request and sentenced Petitioner to a total of twenty-seven years at Level V incarceration, suspended after serving twenty-one years for decreasing levels of supervision. (D.I. 15, Jan. 30, 2008 Sentencing Hearing Transcript in *State v. Teel*, ID No. 0608016078, at 6) On October 7, 2008, the Delaware

Supreme Court affirmed Petitioner's convictions and sentence. *Teel v. State*, 959 A.2d 28 (Table), 2008 WL 4483731 (Del. Oct. 7, 2008).

On December 9, 2008, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") and a motion for appointment of counsel. (D.I. 15, Del. Super. Ct. Crim. Dkt. Entry Nos. 33, 34) The Superior Court rejected both motions on March 16, 2009 as nonconforming, but provided Petitioner with an opportunity to file a more "concise and cogent" Rule 61 motion. (D. I. 15, Del. Super. Ct. Crim. Dkt. Entry No. 43) Petitioner filed a second Rule 61 motion on August 18, 2009, and a motion requesting the appointment of counsel on December 7, 2009. (D. I. 15, Del. Super. Ct. Crim. Dkt. Entry Nos. 48, 57) A Superior Court Commissioner recommended the denial of both motions on February 22, 2010; the Superior Court adopted that Recommendation and denied both motions on March 15, 2010. (D.I. 15, Appellant's Op. Br. in *Teel v. State*, No. 252,2013, at A-3; D.I. 15, Del. Super. Ct. Crim. Dkt. Entry Nos. 61, 62) Petitioner did not appeal this decision.

Petitioner filed a third motion for post-conviction relief on October 19, 2010, which the Superior Court denied on November 12, 2010. (D.I. 15, Del. Super. Ct. Crim. Dkt. Entry Nos. 63,67) Petitioner did not appeal this decision.

Petitioner filed his fourth Rule 61 motion on March 20, 2013. (D.I. 15, Del. Super. Ct. Crim. Dkt. Entry No. 68) The Superior Court denied the motion on April 11, 2013, and the Delaware Supreme Court affirmed that judgment on November 15, 2013. *Teel v. State*, 82 A.3d 730 (Table), 2013 WL 6056499 (Del. Nov. 15, 2013).

The instant Petition is dated February 2014, and asserts the following grounds for relief: (1) the Superior Court erred in denying Petitioner's motions for appointment of counsel filed in

3

some or all of Petitioner's Rule 61 proceedings; (2) the indictment contained invalid information; (3) the arrest warrant contained tainted information and was obtained illegally; and (4) the sentencing judge considered improper factors when imposing the sentence. (D.I. 1) The State contends that the Court should deny the Petition as time-barred. (D.I. 13)

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Here, Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). As such, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's convictions and sentence on October 7, 2008, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, his conviction became final for the purposes of § 2244(d)(1) on January 6, 2009.

In order to comply with the one-year limitations period, Petitioner had to file the instant Petition by January 6, 2010. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005). Petitioner did not file this § 2254 Petition until February 26, 2014,[2] more than four full years after the expiration of AEDPA's statute of limitations. Therefore, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying

---

[2] Pursuant to the prisoner mailbox rule, the Court adopts as the filing date February 26, 2014, which is the date on the Petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, Petitioner filed his first Rule 61 motion on December 9, 2008, before his judgment of conviction became final. The Superior Court rejected the first Rule 61 motion as nonconforming, but gave Petitioner an opportunity to file a more concise Rule 61 motion. Petitioner filed his second "more concise" Rule 61 motion on August 18, 2009, and the motion was referred to a Superior Court Commissioner. On February 22, 2010, the Commissioner recommended that the second Rule 61 motion be denied. (D.I. 15, Appellant's Op. Br. in *Teel v. State*, No.252, 2013, at A-3) The Superior Court adopted that recommendation and denied the second Rule 61 motion on March 15, 2010. (D.I. 15, Del. Super. Ct. Crim. Dkt. Entry No. 62) Petitioner did not appeal that decision.

When the Superior Court Commissioner recommended the denial of Petitioner's second Rule 61 motion, he explicitly stated that the motion had been filed on December 9, 2008. (D.I. 15, Appellant's Op. Br. in *Teel v. State*, No. 252, 2013, at A-3 p. 3) Consequently, even though December 9, 2008 was actually the filing date of Petitioner's first Rule 61 motion that was rejected as non-conforming, the Court will treat December 9, 2008 as the relevant filing date for both of Petitioner's first and second Rule 61 motions.[3]

---

[3] The Court acknowledges that Petitioner's first Rule 61 motion was not "properly filed" for statutory tolling purposes because the Superior Court rejected it as non-conforming. Typically, in these circumstances, the Court would not treat Petitioner's first Rule 61 motion as triggering statutory tolling but, rather, would treat the properly filed second Rule 61 motion as triggering statutory tolling starting on August 18, 2009. However, there are two reasons why the Court will treat December 9, 2008 as the relevant trigger date for statutory tolling purposes in this case: (1) the Superior Court essentially "waived" Petitioner's failure to properly file his first Rule 61 motion when it treated Petitioner's second Rule 61 motion as having been filed on December 9, 2008; and (2) the Petition is time-barred regardless of which date (December 9, 2008 or August 18, 2009) is used as the first trigger date for statutory tolling. For example, if August 18, 2009 is

Based on the foregoing analysis, Petitioner's first and second Rule 61 motions tolled the limitations period from December 9, 2008 through April 15, 2010, the date on which the thirty-day appeal period from the Superior Court's denial of the motion(s) expired. However, because Petitioner filed his first Rule 61 motion before his judgment of conviction became final, AEDPA's limitations period actually did not start to run until April 16, 2010.

The limitations clock started to run on April 16, 2010 and ran 185 days until Petitioner filed his third Rule 61 motion on October 19, 2010. The Superior Court denied the third Rule 61 motion on November 12, 2010, and Petitioner did not appeal that decision. As such, the third Rule 61 motion tolled the limitations period from October 19, 2010 through December 13, 2010, the date on which the thirty-day appeal period expired.[4]

The limitations clock started to run again on December 14, 2010, and ran the remaining 180 days without interruption until the limitations period expired on June 13, 2011.[5] Thus, Petitioner's fourth Rule 61 motion that was filed on March 20, 2013 has no statutory tolling effect because it was filed after the expiration of AEDPA's limitations period.

In short, even with the statutory tolling triggered by Petitioner's first, second, and third Rule 61 motions, Petitioner filed the instant Petition approximately two years and eight months

---

used as the relevant filing date for Petitioner's second Rule 61 motion, then AEDPA's limitations period expired on September 6, 2010, and if December 9, 2008 is used as the relevant trigger date, then AEDPA's limitations period expired on June 12, 2011.

[4]The thirty day appeal period actually expired on December 12, 2010, which was a Sunday. As such, the appeal period extended through the end of Monday December 13, 2010. *See* Del. Supr. Ct. R. 11.

[5]AEDPA's limitations period actually expired on June 12, 2011, which was a Sunday. Therefore, the limitations period extended through the end of the day on Monday, June 13, 2011. *See* Fed. R. Civ. P. 6(a).

7

too late. Accordingly, the Petition must be dismissed as time-barred, unless equitable tolling is available.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahoney*, 654 F.3d 385, 400 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

In this case, Petitioner does not allege, and the Court does not discern, that any extraordinary circumstances prevented him from filing the instant Petition in a timely manner. To the extent Petitioner's untimely filing was the result of his own miscalculation of the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Additionally, given the amount of time that lapsed between Petitioner's filing of his third and fourth Rule 61 motions, as well as the amount of time that lapsed between Petitioner's filing of his Rule 61 motions and the

8

instant Petition, the Court cannot conclude that Petitioner acted diligently in pursuing his rights. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (explaining that the obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the prisoner] is exhausting state court remedies as well.")

For all of these reasons, the Court concludes that that the equitable tolling doctrine does not apply in this case. Accordingly, the Court will dismiss the instant Petition as time-barred.[6]

## III. PENDING MOTIONS

Petitioner filed two Motions to Appoint Counsel during the pendency of this proceeding. (D.I. 4; D.I. 17) Having already concluded that the Petition is time-barred, the Court will deny the Motions as moot.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[6] Given its determination that the Petition is time-barred, the Court will not address the State's alternate reason for denying the Petition.

9

The Court has concluded that the instant Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied as time-barred. An appropriate Order will be entered.